[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE DEFENSE
This is a contract action wherein the plaintiff, East Haven Builder's Supply, Inc. is suing to collect on a $35,000 promissory note allegedly signed by the defendants. The defendants have filed an answer denying that demand has been made on the note and denying that the note is in default. In addition, in response to the plaintiff's request, made pursuant to Practice Book § 13-19, the defendants disclosed a defense that the promissory note was not properly executed. The disclosed defense also incorporates the denials made in the defendants' answer. The plaintiff has moved to strike the defense.
The plaintiff's motion to strike is based on the apparent inconsistency in the defendant's responses regarding the promissory note. In their answer, the defendants admit paragraph one of the complaint that alleges that the promissory note was executed by the defendants. In their disclosure of defense, however, the defendants assert that the promissory note was not properly executed. The plaintiff claims that due to the admission the answer, the existence and proper execution of the note is no longer a disputed fact and the defense should be stricken. CT Page 2375
A motion to strike may be used to test the legal sufficiency of defense. Nowak v. Nowak, 175 Conn. 112, 116 (1978);Connecticut National Bank v. Voog, 233 Conn. 352, 354-55 (1995). In ruling on a motion to strike the trial court is to take the facts to be those alleged in the defense and to construe the defense in the manner most favorable to sustaining its legal sufficiency. Connecticut National Bank v. Douglas, 221 Conn. 530,536 (1992). For purpose of the motion to strike the moving party admits all facts well pleaded. RK Constructors. Inc. v. FuscoCorp., 231 Conn. 381, 383 n. 2 (1994).
Applying this legal standard to the disclosure of defense, the motion to strike must be denied. When construed most favorably to sustaining its legal sufficiency, the disclosure of defense raises three viable defenses: 1) the note was notproperly executed; 2) demand has not been made on the note; and 3) the note is not in default. While the plaintiff correctly points out the apparent inconsistency of the defendants regarding the execution of the note, there remains a valid distinction between a note that is executed versus one that is properly executed.
For reasons set forth above, the motion to strike the defense is denied.
So Ordered at New Haven, Connecticut this 22 day of February, 1999.
Devlin, Judge.